## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JEFFREY J. PROSSER, | ) | Chapter 7 |
| | ) | Case No. 06-30009 (JFK) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| JAMES P. CARROLL, as Chapter 7 | ) | |
| Trustee of the Estate of Jeffrey J. | ) | |
| Prosser, | ) | |
| | ) | |
| Plaintiff /Appellee, | ) | |
| | ) | |
| v. | ) | Civil No. 2011-68 |
| | ) | |
| NORTH SHORE REAL ESTATE CORPORATION, | ) | |
| | ) | |
| Defendant/Appellant. | ) | |

ATTORNEYS:

**Samuel H. Israel**
Fox Rothschild LLP
Philadelphia, PA
*For the defendant/appellee James P. Carroll, Chapter 7 Trustee,*

**Jeffrey B. Moorehead**
Jeffrey B. Moorehead, P.C.
St. Croix, VI
*For the plaintiff/appellant North Shore Real Estate Corporation*

*In re Prosser*
Civil No. 2011-68
Order
Page 2

## ORDER

**GÓMEZ, C.J.**

Before the Court is the motion of the plaintiff/appellee to dismiss for failure to prosecute. The defendant/appellant has submitted no response.

### I.   PROCEDURAL BACKGROUND

The appellant, North Shore Real Estate Corporation ("North Shore") filed their notice of appeal in this matter on June 20, 2011. On June 24, 2011, the Clerk of the Court issued a scheduling order (the "Scheduling Order"). The Scheduling Order required the North Shore to file and serve the designation of record and a statement of issues within ten days of the date of the Scheduling Order, "failing which the Appeal may be dismissed for failure to prosecute." Further, the Scheduling Order required North Shore to file and serve their briefs within thirty days of the Scheduling Order.

North Shore has failed to comply with the Scheduling Order. On July 6, 2011, more than ten days after the date of the Scheduling Order, North Shore filed a designation of the record. Since then, North Shore has not filed anything in furtherance of prosecuting this appeal.

The plaintiff/appellee James P. Carroll, Chapter 7 Trustee of the Estate of Jeffrey J. Prosser ("Carroll") moved to dismiss

*In re Prosser*
Civil No. 2011-68
Order
Page 3

this appeal for failure to prosecute on February 9, 2012. North

Shore has not submitted any response.

## II.  <u>DISCUSSION</u>

"Under Federal Rule of Bankruptcy Procedure 8001(a)[1], the

District Court is empowered to dismiss an appeal for failure to

prosecute or otherwise follow the procedures set out in the

Bankruptcy Rules." *In re Richardson Indus. Contractors, Inc.*,

189 Fed. App'x 93, 96 (3d Cir. 2006). In assessing the propriety

of such an action, courts consider six factors:

> (1) the extent of the *party's* personal *responsibility*;
> (2) the *prejudice* to the adversary caused by the
> failure to meet scheduling orders and respond to
> discovery; (3) a *history* of dilatoriness; (4) whether
> the conduct of the party or the attorney was *willful*
> or in *bad faith*; (5) the effectiveness of sanctions
> other than dismissal, which entails an analysis of
> alternative sanctions; and (6) the meritoriousness of
> the claim or defense.

*Id.* (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d

863, 868 (3d Cir. 1984) (explaining that "dismissal is a drastic

sanction and should be reserved for those cases where there is a

---

[1] Federal Rule of Bankruptcy Procedure 8001(a) provides, in pertinent
part:

> An appeal from a judgment, order, or decree of a bankruptcy judge
> to a district court . . . shall be taken by filing a notice of
> appeal with the clerk within the time allotted by Rule 8002. An
> appellant's failure to take any step other than timely filing a
> notice of appeal does not affect the validity of the appeal, but
> is ground only for such action as the district court . . . deems
> appropriate, which may include dismissal of the appeal . . . ."

Fed. R. Bankr. P. 8001(a).

*In re Prosser*
Civil No. 2011-68
Order
Page 4

clear record of delay or contumacious conduct by the

plaintiff"); *see also In re E Toys Inc.*, 263 Fed. App'x 235, 237

(3d Cir. Jan. 30, 2008) (approving of the district court's

application of the *Poulis* factors to the dismissal of a

bankruptcy appeal for failure to prosecute).

> "Not all of the[] *Poulis* factors need be met for a district
court to find dismissal is warranted." *Hicks v. Feeney*, 850 F.2d
152, 156 (3d Cir. 1988). However, courts must consider and
balance all six *Poulis* factors before dismissing a case with
prejudice, and all doubts must be resolved in favor of an
adjudication on the merits. *See $8,221,877.16 in U.S. Currency*,
330 F.3d 141, 161 (3d Cir. 2003) ("[W]e have always required
consideration and balancing of all six of the factors, and have
recommended the resolution of any doubts in favor of
adjudication on the merits."); *see also Bjorgun v. Whitetail
Resort*, 197 197 Fed. App'x 124, 125–26 (3d Cir. 2006) ("Although
'[n]ot all of the Poulis factors need be satisfied in order to
dismiss, a complainy they must all be considered." (quoting
*Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)).

*In re Prosser*
Civil No. 2011-68
Order
Page 5

### III. <u>ANALYSIS</u>

At issue here is whether, given the failure of Prosser to comply with the Scheduling Order, the six *Poulis* factors weigh in favor of dismissal.

The United States Court of Appeals for the Third Circuit addressed this issue in *In re Richardson Industrial Contractors, Inc.*, 189 Fed. App'x 93 (3d Cir. 2006). In that case, the district court dismissed a creditor's appeal with prejudice for failure to comply with the mandates of the Federal Rules of Bankruptcy Procedure. *Id.* at 94. In so doing, the district court considered only two of the six *Poulis* factors: the creditor's bad faith in requesting a second extension of time in which to file his brief and the ineffectiveness of alternative sanctions. *Id.* at 95–96.

On appeal, the Third Circuit found that, in addition to not considering all six *Poulis* factors, the district court's discussion of two factors was limited and did not set out the basis for its conclusion in such a way to permit meaningful review of its decision. *Id.* at 97–98 (citing *In re MacMeekin*, 722 F.2d 32, 35 (3d Cir. 1983) (concluding that the district court's mere description of counsel's conduct as "inexcusable neglect" and "a 'conscious failure to comply' with discovery "does not adequately provide the reviewing court with a

*In re Prosser*
Civil No. 2011-68
Order
Page 6

rationale for the lower court's decision); *Quality Prefabrication, Inc. v. Daniel J. Keating Co.*, 657 F.2d 77, 80 (3d Cir. 1982) (explaining that there must be some "articulation of the basis for the [district court's] action . . . [to] enable the reviewing court to determine whether the relevant factors were considered and assigned appropriate weight in making the decision")). Accordingly, the appellate court vacated the district court's dismissal order. *Id.*

In reviewing similar cases in other circuits, the *Richardson* court noted that the Eleventh Circuit has observed that "[dismissal typically occurs in cases showing consistently dilatory conduct or the complete failure to take any steps other than the mere filing of a notice of appeal." *In re Beverley Mfg. Corp.*, 778 F.2d 666, 667 (11th Cir. 1985); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (upholding dismissal of bankruptcy appeal for failure to follow Bankruptcy Rules or timely file appeal brief where plaintiffs provided no explanation or excuse for noncompliance); *In re Champion*, 895 F.2d 490, 492 (8th Cir. 1990) (finding no abuse of discretion in dismissing appeal where appellant had not filed designation of record or statement of issues required by Bankruptcy Rule 8006); *In re Tampa Chain Co.*, 835 F.2d 54, 56 (2d Cir. 1987) (affirming dismissal of bankruptcy appeal for failure to file a brief for

*In re Prosser*
Civil No. 2011-68
Order
Page 7

seven months after the due date or provide any explanation for
the failure, even after the court's inquiry into delinquency).

The *Richardson* court also noted the contrast between cases
in other circuits to the facts of its case, stating that the
creditor appellant had requested two extensions of time in which
to file his brief, "citing difficulties in obtaining transcripts
from the Bankruptcy Court proceedings." 189 Fed. App'x at 98.
Although the Third Circuit agreed with the district court that
it was "not excusable" for the creditor to request an extension
"at the eleventh hour," the district court could have imposed a
sanction more appropriate than dismissal with prejudice. *Id.* The
Third Circuit concluded that, "[u]nder the present
circumstances, where Appellant timely requested extensions of
time in which to file his brief, and did file his brief prior to
issuances of the District Court's order, we conclude that
dismissal was not appropriate.

A.   **Extent of North Shore's Personal Responsibility**

Here, there is no evidence or allegation that North Shore,
as opposed to its counsel, was personally responsible for
failing to meet the briefing deadlines in this matter.
Therefore, the first *Poulis* factor does not weigh in favor of
dismissal. Nonetheless, because no single *Poulis* factor is
dispositive, dismissal still may be appropriate in light of the

*In re Prosser*
Civil No. 2011-68
Order
Page 8

remaining factors. *See, e.g.*, *Ware v. Rodale Press, Inc.*, 322
F.3d 218, 222 (3d Cir. 2003) ("[E]ven assuming that WCI does not
bear responsibility for its counsel's conduct, consideration of
the remaining factors still compels affirming the District
Court's decision to sanction WCI and dismiss the breach of
contract claim.").

**B.   Prejudice to the Trustee**

Prejudice for the purpose of the *Poulis* factors "does not
mean 'irremediable harm.' " *Id. See also Curtis T. Bedwell &
Sons, Inc. v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 693-94 (3d
Cir. 1988) (rejecting the argument that "the district court
should not have dismissed its claim . . . unless the harm to the
other parties amounted to 'irremediable prejudice.' "). Rather,
the burden imposed by impeding the opposing party's ability to
prepare a meaningful litigation strategy has been held to be
sufficiently prejudicial. *See Ware*, 322 F.3d at 222.

In this case, Carroll asserts that it has been
substantially prejudiced by the failure to timely prosecute this
appeal. First, Carroll asserts that the failure of North Shore
to file briefs has left him unable to formulate a litigation
strategy. Second, Carroll maintains he has been prejudiced by
the inability to bring the underlying bankruptcy case to a
conclusion. *See In re Buccolo*, 308 F. App'x 574, 575 (3d Cir.

*In re Prosser*
Civil No. 2011-68
Order
Page 9

2009) (finding that appellant's "adversary was prejudiced in
that the appeal in District Court protracted the underlying
bankruptcy proceedings").

Thus, Carroll has been left in suspense about how this
appeal may proceed, and meanwhile the underlying proceeding has
gone unconcluded for over a year. Thus, the Court finds that the
second *Poulis* factor weighs in favor of dismissal.

**C.   History of Dilatoriness**

Regarding North Shore's history of dilatoriness in this
matter, the Carroll notes that in the underlying bankruptcy
proceeding, North Shore routinely ignored deadlines, filing its
answer and motion, discovery responses, and responses to
Carroll's motions out of time. In the present appeal, North
Shore filed its the statement of the issues and the designation
of the record of out time, and has not filed any briefs. North
Shore also failed to move for an extension of time within which
to file their briefs. Instead of seeking an extension, North
Shore appears to have simply ignored the deadlines imposed by
the Court. North Shore thus has a sufficient history of
dilatoriness in this matter that the third *Poulis* factor weighs
in favor of dismissal. *See, e.g.*, *Buccolo*, 308 F. App'x at 575
(affirming district court's dismissal of the bankruptcy appeal
for failure to prosecute where appellant "did not comply with

*In re Prosser*
Civil No. 2011-68
Order
Page 10

the Bankruptcy Rules for filing a brief within 15 days of the

docketing of the appeal . . . or for providing for the

transcript of the Bankruptcy Court proceedings . . ." and noting

that "[e]ither of these violations is grounds for dismissal

under Bankruptcy Rule 8001").

**D.    Willfulness and Bad Faith**

With respect to the issue of whether North Shore or its

attorney engaged in willful or bad faith conduct, the Court

again notes that it failed to comply with the Scheduling Order.

It also has failed to move for an extension of time within which

to file the statement of the issues, the designation of the

record, and its briefs.

Federal Rule of Bankruptcy Procedure expressly requires

parties to file briefs within specific time limits, "[u]nless

the district court . . . by local rule or order excuses the

filing of briefs or specifies different time limits . . . ."

Fed. R. Bankr. P. 8009(a). The Scheduling Order required briefs

to be submitted in thirty days, and does not excuse the filing

of briefs, nor admit of any exception to its deadlines should

the parties file a motion to consolidate. Indeed, North Shore

has not sought any extension of time to date, over a year after

the initiation of this appeal.

*In re Prosser*
Civil No. 2011-68
Order
Page 11

Thus, North Shore failed to comply with the Court's scheduling order and has not offered any justification for its failure. By failing to file these documents or move for an extension of time within which to do so, North Shore has demonstrated a willful disregard for the Court's Scheduling Order and for the appellate process in general. *See, e.g.*, *In re E Toys Inc.*, 263 F. App'x at 238 (finding that "the record provides a basis to conclude that [the appellant's] conduct showed willful disregard for the appellate process" because "[h]e ignored the deadlines issued by the District Court"). The fourth *Poulis* factor therefore weighs in favor of dismissal.

**E.   Effectiveness of Alternative Sanctions**

Because North Shore has not requested an extension of time, unlike the appellant in *Richardson*, the Court doubts the effectiveness of whatever possible alternative sanctions might be imposed here. *See Richardson*, 189 F. App'x at 98 (finding dismissal inappropriate where appellant requested two extensions and filed his brief prior to the District Court's order of dismissal). It is not evident what, if any, alternative sanctions would prompt North Shore to take action in prosecuting this appeal. *See Buccolo*, 308 F. App'x at 575 (refusing to find an abuse of discretion where district court "concluded that a lesser sanction would not be effective because the trustee would

not be able to 'proceed with the adversary proceeding and the bankruptcy case"). Thus, the ineffectiveness of alternative sanctions weighs in favor of dismissal.

**F.   Meritoriousness of North Shore's Appeal**

"Ordinarily, '[a] claim, or defense, will be deemed meritorious when the allegations of the [motion], if established . . ., would support recovery by plaintiff or would constitute a complete defense." *Buccolo*, 308 Fed. App'x at 575 n.1 (quoting *Poulis*, 747 F.2d at 869-70). In this appeal, North Shore challenges the grant of summary judgment by the bankruptcy court.

The underlying proceeding involved an action by Carroll to recover fraudulent transfers made by the Debtor, Jeffrey J. Prosser ("Prosser"), to North Shore shortly before and shortly after filing for bankruptcy.

In Count One of the Complaint, Carroll claimed that, shortly before filing for bankruptcy, Prosser made preferential transfers of $39,300 to North Shore, in violation of Title 11, Section 547 ("Section 547") of the United States Code (the "Prepetition Transfers"). In Counts Two and Three of the Complaint, Caroll claims in the alternative that the Prepetition Transfers were fraudulent, under Title 11, Section 544 or 548 of the United States Code. In Count Four of the Complaint, Carroll

*In re Prosser*
Civil No. 2011-68
Order
Page 13

claimed that after bankruptcy proceedings were initiated,

Prosser made several transfers to North Shore, totaling $42,420,

in violation of Title 11, Section 549 of the United States Code

(the "Postpetition Transfers"). Carroll sought to avoid all of

the Prepetition and Postpetition Transfers.

Section 547 authorizes trustees to avoid transfers "of an

interest of the debtor in property" that are made

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by
the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made--

(A) on or within 90 days before the date of the
filing of the [bankruptcy] petition; or

(B) between ninety days and one year before the
date of the filing of the petition, if such
creditor at the time of such transfer was an
insider; and

(5) that enables such creditor to receive more than
such creditor would receive if--

(A) the case were a case under chapter 7 of this
title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt
to the extent provided by the provisions of this
title.

11 U.S.C. § 547.

*In re Prosser*
Civil No. 2011-68
Order
Page 14

Section 549 similarly authorizes trustees to avoid transfers

> (1) that occur[] after the commencement of the case; and
>
> (2)(A) that is authorized only under section 303(f) or 542(c) of this title; or
>
> (B) that is not authorized under this title or by the court.

11 U.S.C. § 549.

In support of its motion for summary judgment, Carroll offered the deemed admissions of North Shore, after North Shore failed to respond to requests for admission. "[D]eemed admissions 'are sufficient to support orders of summary judgment.' " *Kelvin Cryosystems, Inc. v. Lightnin*, 252 F. App'x 469, 472 (3d Cir. 2007) (quoting *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 176 n.7 (3d Cir. 1990) (citing *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976))).

As for the Prepetition Transfers, these admissions include that each transfer set forth in the Complaint was made to a creditor, for the benefit of a creditor, and was based on an antecedent debt. North Shore was further deemed to have admitted that the debtor received less than reasonably equivalent value in exchange for all the transfers; that the transfers were made when the debtor was insolvent; that they were made within ninety

days of the filing of the bankruptcy petition; and that the transfers enabled North Shore to receive more than it would have otherwise.

As for the Postpetition Transfers, North Shore was deemed to have admitted that they were made after the initiation of the case and were not authorized by statute or by the Court.

This undisputed evidence was a sufficient basis for the bankruptcy court's grant of summary judgment.

After the bankruptcy court granted summary judgment, North Shore moved for reconsideration, on the ground that an affidavit of Dawn Prosser created genuine disputes of material facts. However, this affidavit consists solely of general allegations and conclusory denials. It is well-established that, in responding to a motion for summary judgment, the non-moving party "may not rest upon mere allegations, general denials, or . . . vague statements." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). The bankruptcy court denied the motion for reconsideration. Given the paucity of evidence offered by North Shore in opposition to the motion for summary judgment, and its admission of every material fact, the bankruptcy court's ruling is consistent with prevailing authority. *See id*. The Court finds little merit in North Shore's appeal.

*In re Prosser*
Civil No. 2011-68
Order
Page 16

## IV.   <u>CONCLUSION</u>

Pursuant to the six *Poulis* factors, the Court finds that dismissal of this appeal is an appropriate sanction for North Shore's failure to prosecute, including its failure to file a statement of the issues, designation of the record, or their briefs, or otherwise comply with the Scheduling Order, in accordance with the deadlines imposed by the Court. *See In re E Toys Inc.*, 263 F. App'x at 238 (affirming the district court's decision that the *Poulis* factors favored dismissal of a bankruptcy appeal as a sanction for the appellant's "repeated failures to adhere to ordered briefing deadlines").

The premises considered, it is hereby

**ORDERED** that the above-captioned appeal is **DISMISSED;** it is further

**ORDERED** that all pending motions are **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this matter.

S_____
        **Curtis V. Gómez**
        **Chief Judge**